# Commonwealth ex rel., Appellant, *v.* Fenner.

*Boroughs—Chief burgess—Public officers—Act of May 23, 1893, P. L. 113.*

Under the Act of May 23, 1893, P. L. 113, entitled "An Act to authorize the election of a chief burgess for three years in the several boroughs of this commonwealth, who shall not be eligible to the office for the next succeeding term," a person is disqualified to act as chief burgess for a term beginning in 1909, where it appears that he had been elected to the office in 1903, and served a full term for three years, that he was again elected in 1906, serving a term of two years and eleven months when he resigned, and was again elected to the office in 1909 for another term of three years.

Argued April 11, 1910. Appeal, No. 72, Jan. T., 1910, by plaintiff, from order of C. P. Luzerne Co., March T., 1909, No. 446, directing judgment for respondent in case of Commonwealth ex rel. Abram Salsburg, district attorney, *v.* James K. P. Fenner. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Petition for writ of quo warranto.

Demurrer to respondent's answer.   Before FERRIS, J.

In 1903 the respondent in this case was elected burgess of Ashley borough, and served the full term of three years from the first Monday of March of said year.   In 1906, he was re-elected and served the full term, less one month and one day, resigning the office on January 27, 1909. On December 29, 1908, prior to his resignation, two petitions presenting his name for nomination by the republican and democratic parties for the said office of burgess at the primary election, held January 23, 1909, were filed in the office of the county commissioners, as a result of which he received both nominations and was subsequently elected to said office for a term of three years, beginning on the first Monday of March, 1909. Upon assuming the duties of the office for said term these proceedings were instituted.

The court overruled demurrer to respondent's answer.

*Error assigned* was the order of the court.

*W. Alfred Valentine*, for appellant.—Respondent's resignation on January 27, 1909, after having served the full preceding term less one month, and after his renomination on both tickets as a candidate to office for the next term, did not render him eligible for the "next succeeding" and present term.

Respondent was not, by reason of his ineligibility to serve the term beginning on the first Monday of March, 1906, rendered eligible for the "next succeeding term" beginning on the first Monday of March, 1909: Com. v. Lloyd, 2 Pa. Superior Ct. 6, aff'd 178 Pa. 308; McKellar v. Seeds, 10 Pa. Superior Ct. 167–171; Com. v. Hanley, 15 Pa. Superior Ct. 271–281; Wilson v. Spaulding, 19 Fed. Repr. 304.

*Charles F. McHugh*, with him *Frank T. McCormick* and *George L. Fenner*, for appellee.—We do not contend

that a resignation in the years from 1903 to 1906, when the respondent legally held the office, would qualify him to serve for the next succeeding three years. His election for the full term of three years under the act and his service for a portion of the term would disqualify him from holding the office for the next succeeding term.

The resignation in 1909 was merely giving up an office that he had no title thereto. He could not hold the office in violation of the statute. His resignation in that year put him in the same position as he would have been if certain quo warranto proceedings, instituted in 1906, were brought to a finality, and a judgment of ouster entered. He had no title to the office and his voluntary relinquishment of possession in 1909, imposed no penalty as to holding the office for the next succeeding term. Disqualification being an incapacity to hold the office is undoubtedly a ground of ouster: Rex v. Mayor of Bedford, 8 Mod. 35; Com. ex rel. McLaughlin v. Cluley, 56 Pa. 271.

The election or appointment to office of a person who is not eligible gives him no right to hold the office. The election is simply void: Spear v. Robinson, 29 Me. 531; State v. Newman, 91 Mo. 445 (3 S. W. Repr. 849); State v. Crawford, 17 R. I. 292 (21 Atl. Repr. 546); Com. v. Pyle, 18 Pa. 519.

Public policy and public convenience have made the acts of de facto officers, with third parties, legal but not the title of the de facto: Jones v. Easton, 4 Pa. Dist. Rep. 509; Bowman v. Slifer, 25 Pa. 23; Phila. v. Given, 60 Pa. 136.

OPINION BY MR. JUSTICE ELKIN, May 2, 1910:

The Act of May 23, 1893, P. L. 113, provides for the election of a chief burgess by the qualified voters of every borough in the commonwealth triennially and makes a burgess so elected ineligible to serve for the next succeeding term. The appellee was first elected in 1903, and served his full term. In 1906, he was re-elected for an-

other full term but resigned about one month before the expiration of his term and was then re-elected for another term of three years. If he is permitted to serve out his present term he will have served as chief burgess almost continuously for a period of nine years while the law in express terms provides that he shall only continuously serve for three years. The learned court below in reaching the conclusion that he was qualified to hold his office for the present term placed a technical construction upon the act of 1893, which provides for the triennial election of a properly qualified person to the office of chief burgess. It was held that the present incumbent is not disqualified because when re-elected in 1906, he was not a properly qualified person to hold the office for that term and because he was not qualified to hold the office from 1906 to 1909, he cannot be held to have been elected for the succeeding term from 1909 to 1912, within the meaning of the act of 1893. Such a construction of the act would defeat its purpose and render its provisions meaningless. There can be no question as to the legislative intention expressed or implied in the statute. It was to make a uniform law throughout the commonwealth. Prior to that time the length of the term of a chief burgess varied in many boroughs, and as a general rule it was for one year only. The purpose of the act was to make a uniform term of three years and as a matter of public policy it was deemed wise to make a person so elected ineligible for the succeeding term. With the wisdom of this policy we have nothing to do, but it is the law, and it is our duty to enforce it according to its spirit and purpose. To hold that because an officer had improperly held an office for one term, his right to hold office for the succeeding term could not be questioned because the term during which he improperly held the office could not be counted against him, would be to put the stamp of approval upon wrongful doing and to reward sharp practices in evading the law. The purpose of the act of 1893, was not only to provide for

the triennial election of all chief burgesses but to make persons so elected ineligible to succeed themselves.   The appellee not only succeeded himself in 1906 but has again done so in 1909.   This is in plain violation of the statute and cannot be sanctioned.   The respondent is not entitled to hold the office of chief burgess for the present term and judgment of ouster should have been entered against him.

Judgment reversed and record remitted to the court below with directions to enter such judgment, or make such order as may be required to effectuate the purpose of this proceeding in accordance with the views herein expressed.   Costs to be paid by appellee.